FOR *Mandamus* and Prohibition.

*Michinard* for Relators.    *Benedict* for Respondent.

MARR, J.   On December 29, 1879, when the Constitution of 1868 was still in force, and when this court had jurisdiction in ordinary civil causes involving more than $500, the order for provisional writs of prohibition and *mandamus* was granted, returnable on the 5th of January, 1880.

On December 31, 1879, the Governor issued his proclamation, declaring the Constitution of 1879 to be thenceforth in force.

By that Constitution this court was divested of jurisdiction in ordinary civil causes not involving more than $1,000 (Art. 81) ; and Art. 261 required all such causes to be transferred to the Court of Appeals.

This court had jurisdiction at the time the order was granted, and the cause was pending at the time the Constitution of 1879 went into effect.   Having been divested of jurisdiction before the cause was reached and submitted, this court had no power to deal with it on the merits, and could make no other disposition of it than to transfer it to the Court of Appeals of the Parish of New Orleans ; and this was done.

Respondent now moves the court to quash the order granted on December 29, 1879, on the ground that the amount involved is less than $1,000.   This cannot be done.

Jurisdiction has vested in another tribunal ; and this court has no longer cognizance of the cause.

*The motion to quash is, therefore, denied.*

---

No. 7362.

J. E. SMITH VS. M. F. POOL ET AL.

Where property has been attached, and a third party intervenes claiming ownership under a recorded title, and executes a release bond whereby possession of the property is delivered to him, and the attachment process is not maintained, thus leaving the property in the intervenor's possession, the attaching creditor is judicially

Smith *vs.* Pool.

estopped from ignoring or denying the possession of the intervenor. A seizure of this property afterwards, while thus in the intervenor's possession, by the attaching creditor under a *fi. fa.*, against his judgment debtor, is tortious. The intervenor had possession under a recorded title. The attaching creditor must resort to the revocatory action.

APPEAL from the District Court for St. Tammany. DUNCAN, J.

*Ellis & Ellis* for Plaintiff. *Thompson* for Defendants Appellants.

DE BLANC, J., delivered the opinion reversing the judgment, SPENCER J, dissenting. On rehearing, MANNING, C. J., delivered the opinion, setting aside the former decree and affirming the judgment, DE BLANC, J., dissenting.